### PEARCE vs. THE STATE OF GEORGIA.

The superior and city courts have discretion in the management of the business before them; and if that discretion is not abused, this court will not interfere with its exercise. There was no abuse of discretion in taking a recess of ten minutes, in order to allow time to the State for the purpose of procuring the attendance of a witness, to sustain witnesses for the State who had been impeached by the defendant, although such witness had not previously been subpœnaed and was not expected to be present. but was subpœnaed during the time so granted.

November 10, 1887.

Practice in Superior Court. Criminal Law. Witness. Before Judge EVE. City Court of Richmond County. March Term, 1887.

For the purpose of impeaching the prosecutrix and another witness for the State, witnesses for the defendant testified to statements of the latter in conflict with his testimony on this trial, and that the character of the former in the community was bad, and from it they would not believe her on oath. After the defendant had made his statement, the State's solicitor represented to the court that he was surprised at the impeaching testimony, and asked that a recess of ten minutes be taken to allow him to procure a witness on a subpœna instanter, in order to meet this testimony. This was granted, over defendant's objection. The witness was sworn and testified that he

had known the prosecutrix all his life, considered her character good, and from his knowledge of it would believe her on oath. On cross-examination, he stated that her character for truth was good but she lived in adultery at one time.

LEONARD PHINIZY, for plaintiff in error.

C. H. COHEN, solicitor city court, by brief, for the State.

SIMMONS, Justice.

Ed. Pearce was indicted by the grand jury of Richmond county for assault and battery, and was tried in the city court of Richmond county for that offence. Upon the trial of the case, the jury returned a verdict of guilty. Whereupon the defendant moved for a new trial, upon the usual grounds, that the verdict was contrary to the evidence, etc , and upon the special ground that the court erred in taking a recess for ten minutes in order to allow the State to procure the attendance of the witness Gardner, who had not been subpœnaed, and was not expected to be present, but who was then subpœnaed instanter, and whose testimony was hurtful to the defendant. The defendant at the time objected to said recess and proceeding. The court below overruled the motion for a new trial, upon all the grounds taken in said motion, and the defendant excepted and assigned as error the overruling of said motion on each and every ground therein.

The main ground insisted on in this court is, that the court erred in taking a recess in order to allow the State to procure the attendance of the witness Gardner. It is insisted by the plaintiff in error that the court below had no right to stop the proceedings on the trial to procure the attendance of this witness, and that the action of the court was injurious to the prisoner on trial. We do not think this ground is well taken. The superior and city courts

have discretion in the management of the business therein, and if that discretion is not abused, this court will not interfere in the exercise thereof. There was no abuse of this discretion by the court below in granting this time to the State, for the purpose of procuring the attendance of a witness to sustain the witnesses for the State who had been impeached by the defendant. It was right and proper that he should have done so in furtherance of justice. If the defendant's witnesses had been impeached, and he had made a similar application, it would have been proper for the court to have granted his request. We think, therefore, that this was a matter in the discretion of the court, to regulate its own practice; and that discretion not having been abused, we will not interfere therewith.

Judgment affirmed.